Tompkins, J.,
delivered the opinion of the Court.
Robertson-sued Harryman before a Justice of the Peace, and had judgment, from which Harryman appealed to the Circuit Court, where judgment was again rendered against him, and to reverse it, he appeals to this Court. The summons of the Justice was, to answer William E. Robertson, assignee of William Weir, in an action of assumpsit. To procure the summons, Robertson filed an affidavit, containing these words : William E. Robertson makes oath, that he holds a note, as assignee of Wm. Weir, on James Harryman, &c., which said note is lost, or unintentially mislaid, as said Robertson believes, and that I have not sold, bartered, transferred or assigned by myself, or any person for me, such instrument of writing. In the Circuit Court, Harryman moved to reverse the judgment of the Justice, because,
Pirst. The affidavit was'insufficient.
Second. Because there was no statement of the cause of action filed, and the refusal to give these instructions is assigned for error.
First. The affidavit is in the very words of the statute, and the counsel for Hurry-man made his argument in the belief, that the statute required the plaintiff,to swear that the note was lost by accident.
Even had the statute required the party to swear that the note was lost by accident, we should have supposed the adjunct, by accident, to be useless, and adding no meaning to the word “lost,” inasmuch as thp word used, as it is, in the statute, implies accident. Objection was also taken to the alternative expression “lost,” or unintentially mislaid. What is unintentially mislaid, is, at least, temporarily lost, but may be regained. The objection seems to he of no weight.
Second. The first section of the act supplementary to the act establishing Justices Courts, and regulating the collection of small debts, provides, that so much of the fifth section of said act as requires that in all suits of debt, or on account, a brief statement of the cause of action and amount claimed, shall be in writing and filed with the Justice, shall he and the same is hereby repealed. See acts of 1826, p. 32.
The words, “ all suits for debt, or account,” are broad enough, in our opinion, to to cover all suits for matters arising on contracts ; and this we have several times held to he a rational construction of the act. Suits before Justices for damages, on account of wrongs done, are left as before. In them the statement of the cause of action must still be made. The Circuit Court, in refusing to give those instructions, has not, in our opinion, committed any error. Its judgment is, therefore, affirmed.